Okay, our second case this morning is a consolidated matter, Robbie and Ricky Morse v. Department of State Police. Those are case numbers 413-0208 and 413-0213. For the appellant, we have Valerie Quinn. For the appellate, Jeff Justice. May it please the Court, the Floyd Act unambiguously requires applicants who are denied a card to appeal that denial to the Director of State Police unless they have a conviction for one of the offenses enumerated in subsection 10A. Here, perhaps by mistake, the Morses went directly to Circuit Court, even though they did not have an order that was final and reviewable, thereby cutting the Director of State Police completely out of the process. The Circuit Court lacked jurisdiction to grant them relief and its order that a boycott issue was void. Legal error was apparent on the face of the Morses' petitions in Circuit Court. You have to speak up a little bit louder there. Legal error, Your Honor, was apparent on the face of the Morses' petitions in Circuit Court because they disclosed federal felony convictions, but they did not allege that they had followed the act by applying, getting a denial, appealing that denial to the Director, having a hearing before an ALJ, and then, if unsatisfied with that result, seeking administrative review. And the fact that they had federal felony convictions but were not filing a complaint for administrative review should have alerted the Court to the fact that they did not belong there. At the very least, Your Honors, it should have caused the Circuit Court to question its own jurisdiction. They had no right to go to Circuit Court until they had exhausted their administrative remedies. Well, isn't exhaustion of administrative remedies an affirmative defense that has to be raised? Our petition to intervene, our motion to intervene, was denied, so we didn't even get to argue exhaustion. I understand what you're saying. You weren't there to suggest to the Court you shouldn't be hearing this because the exhaustion of administrative remedies has not been completed here. But nonetheless, if it isn't raised, that's not a jurisdictional question at some later point, is it? It isn't raised because they were there under the wrong section of the statute to begin with, Your Honor. And jurisdiction cannot— Well, what I'm trying to say is you can waive or forfeit that argument. You cannot waive or forfeit jurisdiction, Your Honor. That is, one can always raise that. No, the failure to exhaust administrative remedies is all Justice Turner has addressed. That's forfeited if not raised at the trial levels. When a court reviews something and administrative remedies have not been exhausted, then that is a question of the court's jurisdiction. The court cannot review it until it's found reviewable. Let's ask the question. I'm sorry. If an administrative agency fails to raise the question in an administrative review, then administrative procedures haven't been exhausted. That's something which can be forfeited. But you'd have to be there— How about just beginning with a yes first? Is that true? You can forfeit it if you don't raise it? I don't believe so, Your Honor, but in this case— So the court has to raise it to a sponsor? Yes, the court should have questioned its own jurisdiction in this case. And the agency could not have raised it because it wasn't— That's a different question of whether you were there or should it have been raised or should the Macon County State Attorney's Office have raised it than this question that you were asked. Could it be forfeited? I would be happy to submit supplemental briefing on the issue, Your Honor. It's not a question— Go ahead. There was error in letting Morse's into circuit court and short-circuiting the statutory process, and that was later compounded by the circuit court's refusal to allow ISP to intervene to correct that mistake. And that denial of intervention was an abuse of discretion because it was based on the circuit court's mistaken belief that subsection 10b applied in this case and that it precluded ISP's intervention because it doesn't confer an unconditional right to intervene. The court mistakenly treated ISP's intervention motion as if it had been brought under section 408A1 of the Code of Civil Procedure, when in reality, as the record shows, ISP sought to intervene as a right under 408A2 of the Code because it is bound by the circuit court's judgment and because its interests were not adequately represented by the State's Attorney's Office at the hearing. That was a very minimal hearing, barely five pages of testimony on each brother. Again, the State's Attorney here did not question whether an administrative review had been completed or whether administrative remedies were exhausted. He seemed to assume that they were rightfully there, and in all fairness, Your Honors, a State's Attorney is likely not familiar with administrative review, so the prosecutor might have not picked up on that procedural defect, which further illustrates the point that the representation of ISP's interest was not merely inadequate in this case, Your Honors. It was non-existent. The State's Attorney does not issue these cards, moreover, and it is not ISP's legal representative in the Courts of Illinois. The General Assembly has chosen to grant jurisdiction over this type of application and appeal to the Director of ISP. The General Assembly also chose to allow the case to go directly to the circuit court in certain situations, correct? In certain situations. If the Morses had been convicted of a forcible felony, a domestic battery, any one of those offenses enumerated in subsection 10A, then they could, in fact, go directly to circuit court. But what they had was a federal felony conviction, and for that... Okay, we'll stick with that. And if they go to circuit court under those circumstances, is it just the State's Attorney who is there to represent... The statute says if they correctly go to circuit court for one of those enumerated offenses, then they go under 10B, only the State's Attorney has to be notified. That's correct, Your Honor. Okay, so who is the State's Attorney representing in those situations? The County State's Attorney at that point. So not the State Police? Not the State Police. They are not representing the State Police. I don't think it even occurred to the State's Attorney that he would be expected to represent the State Police interest in this matter. So the State Police under those situations are left out of the process? Are left out of the process often if they think that there is some question, they move to intervene, and generally the intervention motions are granted. But no, they are not required to be notified. In this situation, the Morses shouldn't have been there in the first place. They should have gone to the Director, and had they done so and not been satisfied with that result, they would have had to file a complaint for administrative review. The Director would have been named as a party, and we wouldn't be here under any question of intervention or notification because the case would have gone as it was supposed to do. The circuit court entered the order in this case June 15, 2012? Yes, Your Honor. Directing FOID to issue? Yes, Your Honor. Why did so many months pass before the Department filed motions to intervene? As best I can tell from the record, the State Police got notified some weeks later, consulted counsel, gathered records, trial counsel did some research, and filed the application as soon as possible. It was about three, three and a half months probably from the time that they got the order, which was certainly timely under intervention case law. That is not an excessive amount of time. That was a reasonable amount of time, Your Honor. Why? Because it took that amount. There was no delay. There was no sitting around. It wasn't, you know, cases that have failed. Well, June 15, 2012, court enters an order directing the Department to issue FOID to the plaintiffs. That's right. The Department doesn't want to do that. That's right. Now, if the court enters this order, I have reason to believe, unless you want to tell me otherwise, the Department was told around June 15, 2012, or within a short time thereafter, enter, give these folks FOIDs. It was probably about July, August, September, October. Four months later, four and a half months later, the State Police files a motion to intervene saying, we don't like this. Your Honor, under the case law, that is not an excessive amount of time. Well, explain to me why we should accept it under these circumstances. Why didn't the Department move quicker? Why didn't your office move quicker on behalf of the Department? I mean, why not a year later? Would that have been okay? Why not? No motion takes a year to file, Your Honor. Well, how tricky is a motion to intervene, Counsel? I mean, we're not talking about filing a lawsuit here. Just saying, hey, for all the reasons you just mentioned, they were in the wrong form. We didn't get notice. Our interests weren't protected. Here's a motion to intervene. Your Honor, I wasn't privy to what happened below. I'm not blaming you personally, Counsel. My question is, why should we accept a four-and-a-half-month delay? Because it could take that amount of time to do the research, Your Honor. Well, no. It could take maybe four-and-a-half hours. Someone devoted himself to it for an afternoon. No, it could be a lot longer than that. Four-and-a-half months? I don't think so, Counsel. I'm troubled by this delay. And it just sounds to me like no one bothered until maybe this was kicked around long enough and someone said, well, maybe we should say so. Counsel, perhaps your answer is this. Your client sought to intervene as of right, pursuant to 2408. That's right, Your Honor. And the trial court was, under that statute, required to consider basically three things. Whether or not the application was timely, whether or not the interests of the parties were substantially similar, such that the department's interests would be protected, and whether or not the applicant would be adversely affected by the other court's order. So your answer to Justice Steidman's question would be, that is a pertinent question to be asked, but it has to be asked of the trial court and for the trial court to consider and make a finding. That's correct, Your Honor. And because the trial court basically applied the wrong subsection of the Code of Civil Procedure here, the trial court never got to that point, never applied any of these factors, never made any factual findings on that point. And so that leaves us, at this juncture, more or less guessing, because the appropriate findings were not made down below. The appropriate factors are not considered. And if a court does not consider the appropriate factors and consider the right subsection of the statute, it cannot be said to have properly exercised its discretion. Go ahead. I'm sorry. I was just going to ask you, does the record indicate that the trial court either explicitly or implicitly made a finding that the application was untimely? No, it does not, Your Honor. The trial court said, you know, does the FOID Act give you the unconditional right to intervene? No? Well, then you have to go away now. I mean, that's essentially it. I could find the pages in the transcript. It's a short transcript, but essentially that was the only subsection that the court applied. It did not apply 408A2, the intervention as of right, in the three factors. So there were no findings made. It was a legal question only, subject to de novo review. And specifically, the petition was brought pursuant to 2408. This was a specific request to intervene as of right? It was a specific request to intervene as of right under 408A2, Your Honor. If the court were to indulge me, I could find the pages in the record if that would be helpful. I have the motion to intervene, so I do see that that is the section that was brought under in the language that was set forth. It's 2408A2. Very good. The court didn't reference either subsection, but in denying the motion to intervene, the court said, you know, the legislature only said the state's attorney shall be notified. We assume the legislature knows because it wrote the other laws. The legislature did not see fit to involve the state police. So I think the legislators made the determination. And the court was asking about, you know, do you have an unconditional, you know, does the statute confer upon you an unconditional right to intervene? And finding out that it didn't, the court denied the motion. So I think it's very clear from the record, and that is the February 7th transcript, pages 9, 10, and 11, that the court was proceeding under the wrong subsection of the intervention statute. And if it did go back, these concerns that are being raised, such as timeliness, those are for the trial court to determine. It may be the exact same result. It could be the exact same result. All we ask is that it be gone about the right way, Your Honor. Well, counsel, back to timeliness, and I think in response to Justice Harris, you indicated that if it goes back, that's a determination the trial court would make. And Justice Steinman has asked some questions to you, which I don't think have satisfactorily been answered as to timeliness. But I thought your argument was that your motion to intervene was based upon 2-1401 and that you had two years if it's considered a 2-1401, and therefore it would be timely if it's filed within two years. But that apparently is not the argument you're making. Well, these sorts of cases are fairly interesting because there are cases involving the issuance of a FOIA card where without filing a motion to intervene, ISP has filed a 2-1401, and the courts have granted standing. The courts have assumed that there was standing to do that even without a motion to intervene. Well, in the Hansen case, that's what you're referencing. Right. The parties proceeded by agreement under 2-1401 proceeding. They did. Nobody was challenging it. But also, the Brady case, there wasn't a motion to intervene, just a petition for relief from judgment. And again, it proceeded. Now, I don't think it's very clean to do it that way. I think it's cleaner to intervene and then file your motion for relief from judgment. But that's what made researching this case take a lot more than four and a half hours because trying to figure out how all the pieces fit together wasn't easy. Well, so getting back to my question, you are not arguing, then, timing is based upon the interventions being brought under 2-1401? We sought to intervene in order to be able to file the 2-1401, Your Honor. Okay, I'm going to try it one more time, then. You're not suggesting, then, that you had two years to file your motion to intervene, which you would have under 2-1401 if you consider it a 2-1401? If the motion to intervene were considered a 2-1401? If you're asking to intervene based upon 2-1401, are you saying that timeliness would allow you two years to do that? It seems that it would, Your Honor. You have two years for a 2-1401. But that's not quite what happened here. Okay, what happened? The department got the order, filed a motion to intervene with a 2-1401. Right, but the motion was four and a half months later. For the purposes of then filing a 2-1401, Your Honor. But we hadn't actually filed the 2-1401 yet because we were cut off right at the beginning when our motion to intervene was denied. I understand that. Okay, then you're back to Justice Steinman's question. How could it be timely? And I guess your response is, I don't know, but we can argue that at the trial level. Is that what you're saying today? No, I wouldn't be that flip about it, Your Honor. No, I mean, there are cases where we have been allowed to file for relief from judgment, even though we have not filed a motion to intervene. I think the concepts are fairly interrelated. And I look like I'm almost out of time. The General Assembly has carefully crafted a regulatory framework, Your Honor, to address the issuance of FOIA cards, and ISP is simply here seeking to uphold the integrity of that framework. And because the Circuit Court's decision to deny intervention was based on a misapprehension of the FOIA Act and a misapplication of the Code of Civil Procedure, it was an abuse of discretion, and it should be reversed, Your Honors. And I would like to reserve any remaining time for rebuttal. Okay, counsel, thank you very much. You will have rebuttal. Mr. Justice? Thank you. My name is Jeff Justice. I represent the Morris Brothers. Behind me is Ricky Morris. This case is about one issue, and one issue only, intervention. The sole issue as to the intervention is was the state police adequately represented. And as to that issue, it is very narrowly defined, and that's limited to what is in the FOIA statute, FOIA statute. Was the state's attorney notified? Was there no forcible felony in 20 years? What were the circumstances of the prior conviction? Was the reputation of the individuals involved such that it was not likely to be repeated, and was there no contrary or was it not contrary to public interest to grant the petition? The state police has filed an intervention because they want to engraft a new requirement that the applicant not have any federal, or in essence they want the applicant to have a federal license in advance. None of that is the issue before us, Mr. Justice. The issue here is whether or not the trial court erred in denying the state police the right to intervene as a matter of right under the statute 2408A, and the question before us is was the representation of the applicant's interest by existing parties inadequate? Right, and I want to focus the issue on... And if we find it's inadequate, or there's a basis to believe it's inadequate and the trial court didn't properly address it, we should reverse, should we not? Yes. So the first question then is if there is an argument to be made that there is a failure on your part and your client's part to exhaust administrative remedies and the state's attorney didn't raise it, why doesn't that address the inadequacy of the state's attorney's response on behalf of the interests of the state police? Because... Okay, we have to separate them as to two individuals. With regard to Ricky, the argument is he didn't exhaust. I would like to read to you from the letter they sent to Ricky that said that it's part of this record. The amended act does not provide the aggrieved party sorry, the amended act does provide that the aggrieved party may petition the circuit court in the county of his residence upon denial of his void card. The record said, told Ricky to go to court, not to appeal. There's no standing issue. What did the trial court say regarding the adequacy of the state's attorney's representation concerning 240882? Judge Weber said that the... He felt the issue was does the attorney general have a right to argue as opposed to the state's attorney? He said, in essence, that the legislature has said no that the state's attorney gets to make the argument. And I interpreted that as a finding that the representation by the state's attorney was adequate. Why can't we interpret it as meaning the trial judge dropped the ball when he decided that the issue presented to him... Well, I'm stating this awkwardly. When he didn't address the issue presented to him on the motion to intervene as a matter of right and instead looked at a statutory provision that wasn't really the issue at that point. Well, you could if you conclude that his argument is without any rational basis. But remember... Well, no. The first question we have to address, it seems to me, is when the trial court was confronted with a motion to intervene as a matter of right that the trial court understand and address the issues presented by that motion. If the trial court failed to seemingly understand and address those issues, then why should we send it back and say, do it again, judge? Okay. Judge, I think, if I may, the answer to your question lies in... You say as a matter of right. There's two forms under 408. The second form requires the judge to consider the three factors that we're talking about. And if you don't meet those factors, then you don't get to intervene. Okay. But you have to ask yourself, okay, adequate representation as to what? The adequate representation is as to that statute that they are seeking to get a permit under. Not intervention, but under the permit. And the state police walks in and says, we want you to add a separate element to this statute, which does not exist. And that is, if you have a felony conviction, you can't get one. And Judge Weber, I think, looked at this and said, this whole motion in its entirety, and said, why are... Why should I let you come in and make this argument? The state's attorney is the one by statute who can make it. Mr. Justice, it seems that maybe the trial court's focus was maybe distracted by the arguments made by the parties before it. There was a lot of attention given to what the notice requirement was under the statute. And it seemed that the argument and the court's comments tended to blur the distinction between the notice requirement of the statute, that being the void statute, and the 2408 requirements that we were talking about earlier, the three particular items that the trial court is to consider. Timeliness, adequacy of representation, and whether or not an interest is being adversely affected. When the trial court issued its ruling here, and I'm just reading from the transcript, addressing this to the assistant AG who was in court, says, Mr. Lewis, what I think you're asking me to... What I think is that you're asking me to add some additional requirements to the statute which the legislature chose not to put in there. The legislature only said that the state's attorney shall be notified of proceedings such as this, did not say the Illinois State Police, did not say notify the Attorney General, and went on to say, I think the legislature has made the determination as to how the interests of the people are being protected in a case like this, and so on that basis, I will deny the motion to intervene. Didn't the trial court just use the wrong standard in judging and determining the motion to intervene? I believe when he says, he used the phrase how they were protected, he was referring to adequate protection of the interests of the state police, and it was addressing that prong in the three-pronged test of subsection 408, I guess it's 82. So even though he used the word notice and that portion of the Floyd Act in making his ruling, we should use that to indicate that would be his ruling if he were considering that prong, the adequacy of the interests being protected under the 2408 framework. I think so, and because of the few words that you just quoted, but more importantly, remember there's an Assistant Attorney General who was standing in front of Judge Weber arguing that the guy sitting over here, Randy Wax, did a lousy job, and Judge Weber, whatever, there's some nuances going on there and so maybe his wording wasn't as precise as would be appropriate, but I think he said, the question was how do I protect the interests of the state police, and I think he felt that Mr. Wax was probably capable of doing that after being a lawyer for 40 years. And Mr. Wax did not, one of the things that I think is important to not lose sight of here is that they are not a party to this lawsuit. The only thing before you is the intervention and these arguments that there were no findings of fact, there was no standing, that the statute wasn't followed correctly can only be made by a party, and so the question, without that, all of it is irrelevant with the argument that I agree that I think standing, I think the exhaustion of remedies is a standing issue, it can be forfeited, and perhaps the reason that it was forfeited is the letter that Robbie Morris received that said, the Illinois State Police will not issue a Floyd card to anyone convicted of a felony, a federal felony. There is nothing in this letter, and this is part of your record, this is part of what was filed by the Attorney General, there is nothing in here that says that you may appeal this to the director, there is nothing that says this is the opinion of the enforcement division, it says the Illinois State Police will not issue a card. Period. Seems to me that that is a final decision of the department, it is an announcement of a policy, and not a factual decision. So I don't think that Robbie Morris... Counsel, was that letter sent to just one of your clients? No, yes it was, and it was made part of the record. It is C-18 and C-17 in the respective records. So Robbie got that letter, but Ricky did not get his own letter? Ricky got his own letter, which told him to go to court directly. To go directly to court. Right, that is part of the record. So, it seems to me, under most circumstances, they've said, we're done, we're not giving it to you. Now, for Ricky, they said we're not going to give it to you because you have a conviction for a forcible felony, which is one of the exceptions, that they could have gone to state court anyway, because it was burglary, and by 2-8 of the criminal code, burglary is a forcible felony. So he had an absolute right, even if you buy into their... Well, the burglary wasn't within 20 years, was it? No, but the letter says it's on the basis of the burglary. Right. More questions? Otherwise, I'll sit down. Thank you. Seeing none, thank you, and rebuttal, please. Your Honor, counsel seems to be making an estoppel argument based on the letter that Ricky got. A couple of things about that. First of all, it doesn't look like he actually has a burglary conviction. It looks like this letter was probably a mistake. If you look at his FBI rap sheet, which is part of the record, it shows an arrest for burglary, and then during the hearing, the state's attorney asked him about it, and he said, you know, it looks like it was bargained down to something like a misdemeanor theft. Is that right? So as far as we know, and I'm sure Ricky would know better than I, he does not have a forcible felony conviction that would require him to go to circuit court. And to the extent that counsel is making an estoppel argument based on that letter, estoppel is disfavored against the government for a number of reasons. First of all, you have to show that you relied on it, you have to show it, you're invoking it to prevent fraud and injustice, and the act of the government, you know, the state act has to be legislation, not a mistake or an unauthorized act by a ministerial officer. And, you know, if government couldn't correct something like that, it would be helpless, basically have to tolerate violations of the law in perpetuity. And Ricky himself did not believe that the burglary was his problem. He did not reference a burglary in his petition in state court, Your Honors. He referenced only the federal felony conviction. So, you know, he didn't do what he did based on the letter that he got. With respect to Robbie's letter, Your Honors, that letter was sent, of course, pre-quorum. It wasn't a final administrative decision. Counsel at the time, because I'm sure Mr. Justice wouldn't have made the same mistake, but he was not the counsel below. He simply inherited the case. Nothing relieves counsel of reading the statute and figuring out which kind of offense your client is convicted of and which door they have to go through, director appeal or circuit court appeal. Furthermore, Robbie's letter was pre-quorum. And what quorum did, as applies to this case, it clarified something that the appellate court in Highland held seven years earlier, which is the fact that you may be federally disqualified from possessing a gun does not per se mean that you may not get a FOID card. You may. The director could exercise his discretion, find that the Morses are fit, and grant them a FOID card. The problem is the director was never given the option to do that. One other point I'd like to add, Your Honor, there is no time limit on appeals to the director. So if everything were to work out the way the state police would like it to in this case, if there were a reversal, if 214.01 relief were granted, if we went back to square one, the statute doesn't have a time limit. So the Morses are not harmed by their detour to circuit court. They can go back and appeal to the director and have a hearing, get administrative review, appeal to the secret, seek administrative review in the circuit court, appeal to this court. Courts are empowered to reverse the director's decision if it's based on, you know, if it's been made, if it's an abuse of discretion. Courts have not hesitated to do that in the past. So there would be no harm done here, Your Honor. And unless there are any other questions? I see none. Thanks to both of you. The case is submitted and the court will recess until after lunch.